*287 BEDSWORTH, Acting P.J., Concurring:
I have signed the majority opinion under the compulsion of People v. Myles (2012) 53 Cal.4th 1181, 139 Cal.Rptr.3d 786, 274 P.3d 413, People v. Mooc (2001) 26 Cal.4th 1216, 1229, 114 Cal.Rptr.2d 482, 36 P.3d 21, and Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 20 Cal.Rptr. 321, 369 P.2d 937. As presently expressed, California law seems to provide appellate review not of the merits *50 of an in camera Pitchess hearing (Pitchess v. Superior Court (1974) 11 Cal.3d 531, 113 Cal.Rptr. 897, 522 P.2d 305 ), but only of the procedures followed. We have reviewed those procedures in this case and they are unobjectionable, so the majority opinion is correct.
But I don't think it's right. I cannot understand why this one area of criminal law provides for no meaningful review of the trial court's decision on the merits . It is beyond my ken that we provide appellate review of every other trial court decision, but choose not to provide it on this important issue of criminal discovery.
People v. Myles, supra, 53 Cal.4th at p. 1209, 139 Cal.Rptr.3d 786, 274 P.3d 413, says, "The sealed transcript that is before us, in which the court 'state[d] for the record what documents it examined,' is adequate for purposes of conducting a meaningful appellate review." Under that interpretation of applicable precedent, the trial court does exactly what it did here: opens the file, recites its contents, tells us it finds nothing discoverable, and denies disclosure. We then receive a transcript that tells us "what documents [the court] examined." I am unable to understand how we can provide meaningful review under those circumstances.
There is simply no way to evaluate the trial court's decision on such a record. There could well be a complaint or a report we would consider discoverable. There could well be a dozen. We simply have no way of knowing. If we do not have copies of the documents in question, we cannot say whether the trial court has correctly assessed their import.
And I am unable to apperceive why providing copies of those documents presents a problem. It seems to me the trial court could easily order copies made of the documents it has reviewed and seal them. We could then review those copies and determine whether the trial court correctly exercised its discretion.
I don't mean to suggest in any way that I distrust the trial court's review in this case-or in cases in general. I spend a great deal of my time marveling at the ability of our trial bench to make a correct call in five minutes on issues I struggle with for five days. But recognizing the competence and bona fides of our trial bench and giving them broad discretion is a far cry from instituting a system in which they are the last word on a question. And since I don't find such final authority in other areas of the law, I question its wisdom here.
But I am at a loss to interpret Mooc and Myles in any other way. People v. Mooc , the foundation of the Myles language to which I take exception, was a *51 case in which the appellate court, frustrated by its inability to conduct a meaningful Pitchess review without the documents in question, ordered the entirety of the officer's personnel files provided. The Supreme Court correctly noted that order did not cure the problem because the trial court had not indicated what files it reviewed, so there was no way to know what documents in the complete file had been before it during its Pitchess hearing. But, since it now had the officer's entire personnel file before it, it reviewed the file and ruled on the motion *288 itself, rather than delay the case any further.
In doing so, the court recognized the availability of a procedure whereby the trial court "can photocopy [the documents it reviewed] and place them in a confidential file," (People v. Mooc, supra, 26 Cal.4th at p. 1229, 114 Cal.Rptr.2d 482, 36 P.3d 21 ) but went on to say, "Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined." (Ibid. ) That is what the trial court did in this case, so I must sign the opinion.
Usually, when I come up against a result I find inexplicable, I go back over my work looking for the mistake that led me to that result. Usually I find it. But I can't find it here. There are cases I can distinguish. In People v. Prince (2007) 40 Cal.4th 1179, 1285-1286, 57 Cal.Rptr.3d 543, 156 P.3d 1015, for example, the court approved the procedure here, but did so in a case in which the record included "a full transcript of both segments of the in camera hearing and the documents that formed the basis for the court's conclusion that defendant was not entitled to the complaints that had been filed against [the officer]." (Ibid . ) And I can find cases where the issue was considered only in passing, or in which the rule was stated without discussion. But I cannot find anything on which I could hang a dissent.
I can only do what I do here: Articulate my concern that our review of in camera Pitchess hearings does not go far enough, urge trial courts to include copies of the documents reviewed, as suggested in Mooc , and express my hope the Supreme Court will either correct our misunderstanding of the state of the law or reconsider its position.
WE CONCUR:
MOORE, J.
FYBEL, J.